**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHEILA A. MCNAIR,
               Appellant,

      v.

DEPARTMENT OF AGRICULTURE,
               Agency.

DOCKET NUMBER
DC-0752-14-0385-I-1

DATE: September 16, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sheila A. McNair, Calypso, North Carolina, pro se.

Cliff Lockett, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     The appellant was employed as a Food Inspector for the agency. Initial Appeal File (IAF), Tab 7. As an intermittent employee, the appellant was required to be available and to report to work as needed. IAF, Tab 5 at 51-52. The agency proposed the appellant's removal based on seven specifications of unsatisfactory attendance. *Id*. at 30-31. In deciding to remove the appellant, the deciding official sustained five of the specifications. *Id*. The appellant filed an appeal challenging her removal. IAF, Tab 1. She asserted affirmative defenses of discrimination based on color and retaliation for making protected disclosures. *Id*.; *see* IAF, Tab 8 at 2. The appellant requested a hearing. IAF, Tab 3. At the hearing, the agency withdrew one of the five sustained specifications. IAF, Tab 16, Hearing Compact Diskette (HCD). The administrative judge issued an initial decision sustaining the charge and the penalty and finding that the appellant had failed to establish either of her affirmative defenses. IAF, Tab 17, Initial Decision (ID).

¶3      The appellant has filed a petition for review rearguing defenses for each of the sustained specifications of unsatisfactory attendance and challenging the penalty. Petition for Review (PFR) File, Tab 1. The agency responds that the appellant merely reargues her case and has not shown any reason to disturb the initial decision. PFR File, Tab 3 at 7-8.

¶4      The agency bears the burden of establishing three things in order to withstand a challenge to an adverse action against an employee. First, the agency must prove, by a preponderance of the evidence, that the charged conduct occurred.[2] *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 11 (2010) (citing 5 U.S.C. § 7701(c)(1)(B)). Second, the agency must establish that there is a nexus between the conduct and the efficiency of the service. *Id*. (citing 5 U.S.C. § 7513(a)). Finally, the agency must demonstrate that the penalty is reasonable. *Id*. (citing *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306-07 (1981)).

The administrative judge correctly sustained the charge.

¶5      The administrative judge sustained the charge of unsatisfactory attendance, specifically sustaining specifications 1, 2, 6, and 7. ID at 3-9 (citing *Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 17 (2012) (where there is one charge with multiple factual specifications set out in support of the charge, proof of one or more, but not all of the supporting specifications is sufficient to sustain the charge)). In her decision, the administrative judge properly identified the factual questions in dispute, summarized the evidence, stated which version she believed, and explained why she found the version of events proffered by agency witnesses to be more credible than the appellant's version of events. ID at 3-9; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (listing those factors to be considered by an administrative judge in resolving credibility issues). The Board

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Although the appellant disagrees with the administrative judge's conclusions in favor of the agency, her petition has provided no reason for the Board to overturn the administrative judge's credibility determinations and substitute its own, nor has she otherwise shown that the administrative judge erred in finding that the agency's charge is supported by preponderant evidence.

¶6        On review, the appellant generally asserts that there was a lack of communication between her supervisors that led to the issues with her attendance, and she argues that she should therefore not be punished. PFR File, Tab 1 at 4. The appellant also argues that she was available with a working telephone and made appropriate arrangements as needed. *Id*. The administrative judge found, however, that the appellant's assertions were not supported by the record. The administrative judge did not find that any of the arguments advanced by the appellant were credible or persuasive and we see no reason to disturb her findings. *See Haebe*, 288 F.3d at 1301 (outlining the standard of deference afforded to an administrative judge's findings based upon the credibility of witnesses). Accordingly, we find that the agency has met its burden of proving the charge of unsatisfactory attendance by the preponderance of the evidence. *See Gonzalez*, 114 M.S.P.R. 318, ¶ 11. We therefore affirm the administrative judge's decision sustaining the charge.

There is a nexus between the charged conduct and the efficiency of the service.

¶7        The administrative judge found that the appellant's charged conduct directly involved her job duties because one of the primary purposes of her position was to provide emergency coverage for absent employees. ID at 13. We agree that

there is a nexus between the agency's discipline for the charged conduct and the efficiency of the service. *See Gonzalez*, 114 M.S.P.R. 318, ¶ 11. We therefore affirm the administrative judge's conclusion in this regard.

The removal penalty is within the tolerable bounds of reasonableness.

¶8        On review, the appellant argues that a lack of communication between supervisors caused some of her attendance issues and she should therefore not be punished. PFR File, Tab 1 at 4. The Board has recognized a number of relevant factors in determining whether a penalty is within the tolerable bounds of reasonableness. *Douglas*, 5 M.S.P.R. at 305-06. The appellant was put on notice regarding aggravating factors the agency would consider in determining the appropriate penalty, including the nature and seriousness of the appellant's misconduct, and her supervisors' loss of confidence. IAF, Tab 5 at 32. In the removal decision, the agency weighed relevant factors including the appellant's approximately 2 years of service, lack of a prior disciplinary record, and otherwise acceptable performance, before finding that the mitigating factors did not outweigh the seriousness of her misconduct, particularly considering that her inability to report to work affected the agency's ability to carry out its mission. *Id*. at 18-19. The administrative judge found that the agency considered relevant *Douglas* factors, and that the penalty imposed was within the bounds of reasonableness. ID at 15. Although the appellant generally asserts that she should not have been punished, we find no reason to disturb the administrative judge's conclusion.

The appellant has not established her affirmative defenses of discrimination based on color or retaliation for protected whistleblowing.

¶9        The appellant bears the burden of proving her affirmative defenses by preponderant evidence. 5 C.F.R. §1201.56(a)(2)(iii). She alleges that the agency discriminated against her based upon her color (Black) and retaliated against her for making a protected disclosure.

¶10       The appellant's claim of disparate treatment based on color was grounded on her assertion that she was required to travel away from her home plant more than a Caucasian female coworker. IAF, Tab 10 at 3. To establish a prima facie case of discrimination based on disparate treatment, an appellant must prove that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If an appellant establishes a prima facie case of prohibited employment discrimination, the burden of going forward then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its action; and, finally, the employee must show that the agency's stated reason is merely a pretext for prohibited discrimination. *Id.* at 802-04. However, in a case like this, where the record is complete and a hearing has been held, the Board will proceed directly to the ultimate question of whether the appellant has demonstrated by a preponderance of the evidence that the agency's reason for its actions was a pretext for discrimination. *See Berry v. Department of Commerce*, 105 M.S.P.R. 596, ¶ 10 (2007). Applying this standard, the administrative judge found that the appellant had not met her burden of proving that she, as a Black woman, had to travel more than similarly-situated Caucasian employees. She noted that the appellant had not submitted travel logs of other employees. She also considered that the appellant's allegation regarding travel had been corrected. Finally, the administrative judge considered that the appellant's supervisor credibly testified both that his comparison of the appellant's schedule with that of another employee showed that the appellant did not travel more than did the other employee, and that scheduling was random and done according to need. ID at 9-11. We see no reason to disturb the administrative judge's finding that the appellant failed to prove disparate treatment discrimination.

¶11       Next, in order to establish reprisal for whistleblowing, the appellant must show by preponderant evidence that she engaged in whistleblowing activity by

making a protected disclosure and that the disclosure was a contributing factor in the agency's personnel action. *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 21 (2014). Protected disclosures under 5 U.S.C. § 2302(b)(8)(A) include disclosures that the employee reasonably believes evidence "any violation of any law, rule, or regulation," as well as disclosures that she reasonably believes evidence "gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." Certain disclosures to the Special Counsel or to the Inspector General are also protected. *See* 5 U.S.C. § 2302(b)(8)(B). In this case, the appellant alleges that she made a protected disclosure when she reported to a human resources staff member that a supervisor was completing unemployment compensation requests on behalf of employees. IAF, Tab 10. The administrative judge found that the appellant's disclosure was not protected because the appellant failed to articulate a reasonable belief that her disclosure evidenced any of the enumerated protected categories. ID at 12. Furthermore, the administrative judge found that the appellant failed to demonstrate that anyone who was involved in proposing or deciding her removal had either actual or constructive knowledge of her disclosure. ID at 12. We see no reason to disturb the administrative judge's findings regarding the appellant's whistleblower reprisal claim.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to

file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims: Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.